IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 5:17 CR 120 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| vs. ) | |
| ) | |
| KIMBERLI HIMMEL ) | MEMORANDUM OPINION |
| ) | |
| Defendant. ) | |

This matter is before the Court on Petitioner's Motion for Plea Agreement Termination or Adjustment (ECF #26), and her Motion to Vacate Restitution Order and Conviction. (ECF #27). Plaintiff's Motions are both DENIED.

**Procedural History**

Plaintiff Himmel entered into a plea agreement signed and dated April 11, 2017. She entered a plea of guilty to eighteen counts of bank fraud in violation of 18 U.S.C. §1344 and one count of theft of government funds in violation of 18 U.S.C. § 641. The plea agreement was read to Plaintiff Himmel in open court in its entirety. Plaintiff Himmel confirmed her understanding of the plea agreement and acknowledged that she entered into the plea agreement knowingly, voluntarily, and of her own free will. Plaintiff was subsequently sentenced to sixty (60) months of custody, three years supervised release, $1,900 special assessment, and $2,479,248.00 in restitution.

Plaintiff filed a Notice of Appeal to the Sixth Circuit Court of Appeals on November 14, 2017. (ECF #18). Plaintiff filed her Motions for Plea Agreement Termination or Adjustment and to Vacate Restitution Order and Conviction on May 18, 2018. (ECF # 26 & 27).

## A. Motion for Plea Agreement Termination or Adjustment

Plaintiff's Motion for Plea Agreement Termination or Adjustment seeks to have her sentence adjusted. Plaintiff suffers from kidney disease, has decreased kidney function, and is seeking a transplant. Plaintiff asserts that she had been promised that she would receive a two-level reduction based on her health condition, a two-level downward departure for her criminal history, and a three-level reduction based on her cooperation. She further asserts that her attorney, Michael Goldberg, misled the Court during sentencing by characterizing her kidney disease as one that would be treated using kidney dialysis when, in actuality, she was pursuing a kidney transplant. She also, admits, however, that neither she nor her attorney ever clarified, refuted, or objected to the Court's characterization of her health condition as one that could be treated by the Bureau of Prisons. Ultimately, Plaintiff seeks a reduction in her sentence from 60 months to 24 to 30 months such that she will be able to obtain a kidney transplant and complete her sentence on probation and/or with at-home detention.

Ms. Himmel's assertion that she was promised various reductions to her sentencing range are contradicted by the record. Ms. Himmel claims in her motion that these promises were made by her attorney, and incorporated into the written plea agreement that she signed. The plea agreement in this case contradicts Ms. Himmel's arguments. Ms. Himmel read, initialed, and signed each page of the plea agreement, and that agreement was read in its entirety in open court. Following a full hearing, Ms. Himmel confirmed her understanding of the agreement. The plea agreement makes clear that sentencing rests within the discretion of the Court, that the United States reserved the right to argue against a downward departure, and that there was no agreement regarding the Criminal History Category. The plea agreement also reiterated Ms. Himmel's testimony in court indicating that she entered into the plea agreement voluntarily and of her own

free will, without regard to any promises not discussed on the record at the hearing. (ECF #6, PageID 20-30). The plea agreement did not address cooperation as Plaintiff Himmel was the only individual charged. At sentencing, the Court considered arguments both for and against a downward departure and declined to apply the downward departure, as was within its discretion. The arguments' raised in Plaintiff's Motion for Plea Agreement Termination or Adjustment are not supported by the record. As such, Plaintiff's Motion for Plea Agreement Termination or Adjustment is DENIED.

### B. Motion to Vacate Restitution Order and Conviction

Plaintiff seeks to have the Restitution Order and Conviction vacated on grounds that the restitution amount was improperly calculated, that evidence from a civil case was improperly used here, and that the victim's recovery should be barred as it would constitute double recovery to the victim after insurance. None of these arguments survive scrutiny.

Ms. Himmel has waived her right to challenge the restitution amount awarded in this case. She was fully aware of the restitution amounts claimed by the government, and awarded by the Court. These amounts were specifically set forth in the plea agreement, which she read, signed, and was reviewed with her in open court. (ECF #6, PageID #27). Plaintiff was adequately represented by counsel throughout the proceedings. Neither Plaintiff nor counsel objected to the restitution calculations at any point before the present motion was filed. Further, in her plea agreement, Plaintiff waived her right to appeal or otherwise challenge the restitution.[1] (ECF # 6, PageID #25). Such waivers have been held to be enforceable by the Sixth Circuit

---

[1] An appellate waiver is enforceable despite shifts in the legal landscape. *See Slusser v. United States*, No. 17-5070, 2018 WL 3359112, at *1 (6th Cir. July 10, 2018).

Court of Appeals. *See, e.g., United States v. McGilvery*, 403 F.3d 361, 362 (6th Cir. 2005); *Slusser v. United States*, No. 17-5070, 2018 WL 3359112, at *1 (6th Cir. July 10, 2018). Plaintiff has waived any objection to the restitution calculation through both her failure to raise a timely objection at sentencing, and by her voluntary acceptance of the plea agreement.

Plaintiff's assertions regarding double recovery are also without merit. The Plaintiff will not be twice burdened by the restitution order because she will receive credit for any money paid to the victim(s) as a result of the state court judgement against her. 18 U.S.C. § 3664 (j)(2). The fact that the victim may or may not have insurance to cover any loss is irrelevant to the restitution calculation, and consideration of any such insurance coverage is specifically prohibited by statute. "In no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution." 18 U.S.C. § 3664 (f)(1)(B).

As Plaintiff has waived any objection to the restitution amount, and her other concerns are not legally cognizable, Plaintiff's Motion to Vacate Restitution and Conviction (ECF #27) is DENIED.

## Conclusion

For the reasons set forth above, Petitioner's Motion for Plea Agreement Termination or Adjustment (ECF #26), and her Motion to Vacate Restitution Order and Conviction (ECF #27), filed pursuant to 28 U.S.C. §2255, is DENIED. There is no basis upon which to require a hearing on Petitioner's Motions. Accordingly, Petitioner's request for a hearing is DENEID.

The Court certifies, pursuant to 28 U.S.C. §1915 (a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealablity. 28 U.S.C. § 2253 (c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

DATED: August 6, 2018

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge