IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| KIMBERLI HIMMEL, | ) | CASE NO. 5:17 CR 120 |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | MEMORANDUM OPINION |

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF #40). Petitioner, Kimberli E. Himmel, pled guilty to 18 counts of bank fraud, in violation of 18 U.S.C. § 1344, and one count of theft of government fraud, in violation of 18 U.S.C. § 641. (ECF #3). This Court sentenced Ms. Himmel to 60 months in custody, three years of supervised release, and $2,479,248.00 in restitution. (ECF #15). Ms. Himmel now alleges ineffective assistance of counsel. (ECF #40). This Court ordered Ms. Himmel to show cause for her Motion, and Ms. Himmel has not filed since. (ECF #42). The Government filed a timely response. (ECF #43). For the reasons set forth below, Petitioner's § 2255 Motion is DENIED.

## Law

A petitioner that moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) "the sentence was imposed in violation of the Constitution or the laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence is "otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-427 (1962). A

petitioner arguing that her counsel was constitutionally ineffective must prove that the counsel performed inadequately and prejudice resulted from the inadequate performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If counsel's performance was adequate and competent, then the challenge of ineffective counsel is unsuccessful. *Coe v. Bell*, 161 F.3d 320, 342 (6th Cir. 1998). The court presumes competence of the defense attorney if there is no proof of unreasonable representation according to prevailing professional norms and sound strategy. *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).

## Application

Here, Ms. Himmel's counsel is presumed competent, and there is no evidence to rebut the presumption of competency to prove that counsel was ineffective. Instead, the record shows that counsel soundly and reasonably represented Ms. Himmel.

In her 28 U.S.C. § 2255 Motion, Ms. Himmel alleges her attorney lied to her and enticed her to sign the plea agreement. (ECF #40). However, Himmel swore before this Court that her plea was "knowingly [and] voluntarily." (ECF #25). Himmel's original statement at the plea hearing contradicts the allegation in her motion and is conclusive as to truth and accuracy. *See United States v. Goodloe*, 393 Fed. Appx. 250, 255 (6th. Cir. 2010) ("A defendant's statements at a plea hearing should be regarded as conclusive [as to the truth and accuracy] in the absence of a believable, valid reason justifying a departure from the apparent truth of those statements.").

Additionally, Ms. Himmel challenges the sentence because her counsel allegedly failed to adequately argue for a lesser sentence due to her poor health and that the court did not take her health into consideration for sentencing. The transcript from the October 31, 2017 plea hearing indicates that counsel strongly argued for a two-level reduction based on Himmel's medical condition and this Court considered Himmel's health in sentencing. (ECF #25). Specifically, this

Court decided, "I don't think that your physical condition is anything other than what can be certainly attended to at the Bureau of Prisons, so that's not a reason to vary downward at all." (ECF #25, pg. 309). After, defendant's counsel objected to the non-application of a downward variance for health. (ECF #25, pg. 312). Ms. Himmel's counsel represented her interests soundly and reasonably, and the court's decision to deny a downward departure does not evidence ineffective counsel.

## Conclusion

For the reasons set forth above, Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is DENIED. There is no basis upon which to require a hearing on Petitioner's Motion. Accordingly, Petitioner's request for a hearing is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is not basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. 22(b).

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATE: July 8, 2019